KITCHENS *v.* STATE.

In Banc. Nov. 14, 1949.

No. 37338 (42 So. (2d) 749)

**Edwards & Edwards,** for appellant.

**Joe T. Patterson,** Assistant Attorney General, for appellee.

572

**Alexander, J.**

Appellant suffered a judgment of murder with a life sentence. The fact of the homicide is conceded although there was a factual issue of self-defense.

In view of our disposition of the appeal, it will not be necessary to examine the exercise of the trial court's discretion in refusing to allow the defendant to perfect his predicate for impeachment of one of the State's leading eyewitnesses, after the defendant had begun to put on his case.

A more serious question is presented by the allowance of rebuttal witnesses for the State to show the character of the deceased for sobriety. There was no showing that the deceased was drunk at the time of the fatal altercation. The first mention of this circumstance occurred upon cross-examination of deceased's wife. The following examination was had: Q: "What about the man who got killed there—wasn't he drunk?" A. "No, sir, he doesn't drink whiskey." Q. "How do you know that?" A. "I never saw him drink any. He doesn't drink." Later, upon cross-examination of the defendant, he was asked "Do you tell the jury that Howard Holder (the deceased) was a drinking man?", to which he replied "Yes, sir, he would drink." In this case, whether deceased was drunk at the time of the fatal shooting could be relevant, but not whether he took an occasional drink.

Yet, upon rebuttal by the State, five leading citizens of the county were produced who testified that deceased was a good man as far as it respects sobriety. This testimony, which went in over objection, was with one exception adduced by direct testimony of the purported knowledge of the witnesses as to this trait of character, rather than by proof of general reputation.

Such testimony by influential citizens in the prosecution of one of another and humble race was more than irrelevant; it was too clearly calculated to be prejudicial, especially in a case where self-defense was sought to be established, and the guilt of the defendant was not overwhelmingly proven. Richardson v. State, 123 Miss. 232, 85 So. 186. Compare Simmons v. State, Miss., 40 So. (2d) 289.

We have concluded that the ends of justice require a retrial.

Reversed and remanded.